UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:16-CR-237 (SRU) |
| | : | |
| v. | : | |
| | : | |
| ARTURO CASTRO | : | August 23, 2017 |

## UNITED STATES'S SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and respectfully submits this Sentencing Memorandum with regard to the defendant Arturo Castro ("the defendant") to assist the Court in consideration of the relevant issues in determining the appropriate sentence in this case pursuant the United States Sentencing Guidelines and Title 18, United States Code, Section § 3553.

## I.     Introduction

The defendant perpetuated the sexual abuse of a 15-year-old-minor ("MV") he met online through the online game "Chess With Friends."  Through the use of electronic devices, the defendant enticed MV to take photographs and videos of herself engaged in explicit sexual conduct, which constitute child pornography, and to transmit those  images electronically to the defendant in Illinois.  Part of the defendant's conduct included the taking of pornographic videos of himself engaged in sexual conduct and transmitting them electronically to MV.  The defendant later traveled in interstate commerce, from Illinois to Connecticut, and engaged in illicit sexual activity with MV.

## II.    Procedural Background

The defendant was arrested on December 13, 2016, in the Northern District of Illinois, pursuant to a criminal complaint that charged him with Sexual Exploitation of Children, in violation of 18 U.S.C. §2251(a); Activities Relating to Material Involving the Sexual Exploitation of Minors in violation of 18 U.S.C. 2252A(a); Coercion or Enticement of a Minor in violation of 18 U.S.C. 2422(b) and Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. 2423(b).  The Magistrate Judge found that the defendant constituted a risk of flight and ordered that he be detained pending trial.  He further ordered the defendant's transfer to the District of Connecticut.

On December 22, 2017, a federal grand jury returned a three count Indictment charging the defendant with Coercion or Enticement of a Minor in violation of 18 U.S.C. § 2422(b); Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b); and Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2).  Dkt. No. 9.

The defendant first appeared in the District of Connecticut on January 13, 2017, and was arraigned on the same day.  Dkt. No. 15.

On June 5, 2017, the defendant appeared before the Court and entered a plea of guilty to Count One of the Indictment charging Coercion or Enticement of a Minor in violation of 18 U.S.C. § 2422(b). Dkt. No. 36.  A signed plea agreement was filed with the Court.  Dkt. No. 37. The defendant faces a minimum sentence in prison of ten years, and a maximum sentence of life; a term of supervised release of at least five years to life, a maximum fine of $250,000, and a $100 mandatory special assessment.  The defendant will also be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

A Pre-Sentence Report calculated the defendant's base offense level under U.S.S.G. §2G2.1 at 32 because the "the offense involved causing, transporting, permitting or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of production a visual depiction of such conduct." Two levels are added under § 2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of twelve years, but not attained the age of sixteen years. Two more levels are added under § 2G2.1(b)(2)(A) as the offense involved the commission of a sexual act or sexual contact. Two levels are also added under § 2G2.1(b)(6)(B) because the offense involved the use of a computer to persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct. The total adjusted base offense level is thus 38. Three (3) levels are subtracted pursuant to U.S.S.G. § 3E1.1 based on the defendant's timely acceptance of responsibility for a final base offense level of 35.

The defendant has no known criminal history other than the criminal conduct underlying this case; therefore, his Criminal History Category is I. A base offense level of 35 and a CHC of I yield a sentencing range of 168 to 210 months and a fine range of $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

The Government agrees with the Guidelines calculation in the PSR and has no objections to the same.

Sentencing is scheduled for August 28, 2017, at 2:00 p.m. Dkt. No. 39.

## III.    Factual Background

A.    <u>April and May 2016 Interviews of the Minor Victim Regarding Her Interactions with Arturo Castro</u>

On or about April 27, 2016, law enforcement spoke with a female town resident who said that an AOL email user had engaged in inappropriate conversations with her then 15-year-old daughter, approximately two years earlier. The woman indicated that she searched MV's old

Apple iPhone, which MV had not used in approximately two years, and located numerous sent email messages containing sexually explicit images and videos of MV. The woman later showed law enforcement the email messages on the Apple iPhone sent by MV using email address MV@yahoo.com[1] to an individual known as Arturo Castro, using email address xxxxx1@aol.com.[2]

On or about April 27, April 28, and May 2, 2016, law enforcement spoke with MV, a minor female born in 1998. MV reported that in or about December 2013, she was playing "Chess With Friends" online and started talking with a man by text in the chat area of this gaming application. After a few days, the man told her his name was Arturo Castro and that he was a professor in Chicago, Illinois. They continued talking via the "Chess With Friends" application, and they also began communicating over email. MV stated she started sending non-nude pictures of herself to Castro over email using her iPhone, and then Castro started asking her to send him naked pictures and videos of herself.

MV reported that she sent naked pictures and videos to Castro when she was 15 years old. According to MV, when she first started sending photos and videos of herself naked to Castro, she told Castro she was 16 or 17, but a few weeks later she told him the truth, that she was 15 years old. MV stated that after informing Castro of her true age, Castro continued to ask her for pictures and videos. She also stated Castro asked her to do things in the videos she would send him. For instance, he would ask her to take her shirt and pants off, and he would ask her to masturbate.

---

[1] Throughout this motion, the name of MV's email account has been redacted to protect her identity and will be referred to as MV@yahoo.com. Similarly, the name of the defendant's AOL email account has been redacted and will be referred to as xxxxx1@aol.com.

[2] Law enforcement identified the defendant as the user of the email address xxxxx1@aol.com based on information provided by MV and signature lines in the emails, which read "Arturo [phone number]." According to AT&T records, the telephone number in the signature line of the email, as well as all other emails referenced herein, is registered to the defendant.

MV reported that Castro said he was surprised that a 15-year-old girl would talk to him because he was around 40 and he kept asking her if she was a cop.  MV also reported that she and Castro would also talk every once in a while about her upcoming 16th birthday.

MV stated that Castro traveled to Connecticut from Chicago sometime in March 2014 when she was still 15 years old because they planned to have sexual intercourse.  MV stated that she emailed Castro a map to her home in Connecticut and that Castro arrived one afternoon when her parents were not home.  MV reported they went to her bedroom and had sexual intercourse on her bed.  According to MV, Castro wore a condom and they had sex one time.  MV stated Castro knew she was a virgin because they had discussed it prior to having sexual intercourse.

MV also reported that after Castro came to her house and had sexual intercourse with her, she and Castro continued to speak online and over the telephone.  She stated that around November 2015 she found a small bump on her vagina.  She emailed Castro about this because she was afraid it was a sexually transmitted disease.  MV reported Castro told her he was clean and it was just a pimple.

B.  Records from Chess With Friends Identified the User "Zen Art Chi" as Arturo Castro at Universidad Nacional Autonoma de Mexico, Chicago

On or about July 25, 2016, Zynga provided law enforcement with "Chess With Friends" records associated with Arturo Castro.  Zynga advised that Account Number ending in 2917 is associated with email address xxxxx1@aol.com and the account username is "Zen Art Chi".  Zynga also advised that the first login on file by Zen Art Chi to "Chess With Friends" was on August 30, 2012, the first login on file for "Chess With Friends Paid" was on May 27, 2013, and the last login to any service was on August 9, 2015 to "Chess With Friends Paid" from IP Address 108.88.109.95.  The information provided by Zynga showed 58 logins for "Zen Art Chi" between December 1, 2013 and March 30, 2014, all of which were to Chess With Friends Paid.  On

December 3, 2013, one of Zen Art Chi's logins to Chess With Friends Paid used IP Address 173.167.134.98, which resolved to Universidad Nacional Autonoma de Mexico ("UNAM"), Chicago.

On or about April 28, 2016, law enforcement conducted internet research that revealed that Arturo Castro is listed as an employee of UNAM at the Chicago, Illinois location, as the Cultural, Business Development and Special Projects Coordinator.

According to law enforcement databases, an individual with the name Arturo Castro was arrested by the Wilmette Police Department on January 25, 2016, for Driving on a Suspended License. The arrest photograph from this arrest matched the photograph of the individual listed as the Special Projects Coordinator at UNAM.

C.     <u>July 2016 Search Warrants on CASTRO's and MV's Email Accounts Revealed Communications Leading Up to CASTRO's March 2014 Trip to Connecticut to Have Sexual Intercourse with MV</u>

On or about July 14, 2016, United States Magistrate Judge Joan G. Margolis of the District of Connecticut authorized a search warrant to search email accounts xxxxx1@aol.com and MV@yahoo.com for violations pertaining to the possession, distribution, receipt and production of child pornography, the online enticement of minors, and the traveling in interstate and foreign commerce to engage in sexual activity with minors, in violation of 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2423.

A review of the email messages in email account xxxxx1@aol.com revealed multiple email messages between Castro and MV including, but not limited to, the following:[3]

     a.   On or about 1/10/14 at 4:19 PM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Pic". The body of the email message was blank except for "Sent from my iPod" and the email message had a file attached titled "photo.JPG". This photograph shows MV wearing a black shirt and exposing the

---

[3] Throughout this affidavit, all dates and times listed for communications are approximate and in Eastern Standard Time.

top halves of her breasts but her nipples and the bottom halves of her breasts are covered by the shirt. The metadata for this photograph indicates the photograph was taken on 1/10/14 with an Apple iPod Touch but does not contain geolocation data.

b.  On or about 1/11/14 at 11:59 PM, xxxxx1@AOL.COM forwarded an email message to MV@yahoo.com titled "Fwd: Pic". The body of the email message contained, "This one gave me the idea to put my cock between your breasts".

c.  On or about 1/15/14 at 11:48 PM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Pic". The body of the email message was blank except for "Sent from my iPod". The email message had a file attached titled "photo.JPG". This photograph shows MV posing in front of a mirror with a shower curtain in the background. In the photograph, MV is visible from her left side, is topless exposing her left breast and nipple, and is touching her left breast with her right hand. The metadata for this photograph indicates the photograph was taken on 1/15/14 with an Apple iPod Touch but does not contain geolocation data.

d.  On or about 1/17/14 at 11:40 PM, xxxxx1@AOL.COM replied to an email message originally sent by MV@yahoo.com on 1/15/14 at 10:48 PM titled "Re: Pic". The body of the email message contained "One day it will be my hand. Grabbing it. Yum Arturo [phone number]".

e.  On or about 1/26/14 at 2:02 AM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Pic". The body of the email message contained "Turn up the brightness, you'll see more lol" and "Sent from my iPod". The email message had a file attached titled "photo.JPG". This photograph shows a female's pubic area with pubic hair and blue underwear pulled down below the vagina. The focus of the image is on the exposed pubic area and the outline of the female's labia is visible through the pubic hair. The metadata for this photograph indicates the photograph was taken on 1/26/14 with an Apple iPod Touch but does not contain geolocation data.

f.  On or about 1/30/14 at 8:28 AM, xxxxx1@AOL.COM replied to an email message originally sent by MV@yahoo.com on 1/29/14 at 10:35 PM titled "Re: Pic". The body of the email message contained "When you pose for the new pic do one with legs wide open too please. ☺. I love your body [MV]. Arturo [phone number]".

g.  On or about 2/1/14 at 7:20 PM, xxxxx1@AOL.COM sent an email message to MV@yahoo.com titled "1". The body of the email message was blank except for "Arturo [phone number]" and the email message had a file attached titled "IMG_2375.MOV". This video is 49 seconds long and shows a male whose face is not shown masturbating with his right hand. During the video, a male voice states "You like that, [MV]?" and "This is your cock, [MV]. You're going to suck it and you're going to fuck it, hard." The metadata for this video indicates it was taken on 2/1/14 with an Apple iPhone 5 but does not contain geolocation data.

h. On or about 2/2/14 at 11:32 PM, xxxxx1@AOL.COM replied to an email message originally sent by MV@yahoo.com on 2/2/14 at 10:22 PM titled "Re: Video p2". The body of the email message contained "You are touching them just the way I wanted you to touch them. Wow Arturo [phone number]."

i. On or about 2/3/14 at 11:10 AM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Videos". The body of the email message was blank except for "Sent from my iPod". The email message had two identical files attached titled "IMG_2791.MOV" and "Video.MOV". These video files are 27 seconds long and show a female whose face is not shown touching her vagina with her right hand. The metadata for these videos indicate they were taken on 2/3/14 with an Apple iPod Touch but do not contain geolocation data.

j. On or about 2/3/14 at 11:37 AM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Video". The body of the email message was blank except for "Sent from my iPod". The email message had a file attached titled "IMG_2792.MOV". This video is 32 seconds long and shows a female whose face is not shown touching her vagina with her left hand. The metadata for this video indicates it was taken on 2/3/14 with an Apple iPod Touch but does not contain geolocation data.

k. On or about 2/4/14 at 4:03 PM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Video". The body of the email message was blank except for "Sent from my iPo.". The email message had a file attached titled "IMG_2812.MOV". This video is 31 seconds long and shows a female whose face is not shown touching her vagina with her left hand. The metadata for this video indicates it was taken on 2/4/14 with an Apple iPod Touch but does not contain geolocation data.

l. On or about 2/4/14 at 4:07 PM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Video". The body of the email message was blank except for "Sent from my iPod". The email message had a file attached titled "IMG_2813.MOV". This video is 48 seconds long and shows a female whose face is not shown touching her vagina with her left hand. The metadata for this video indicates it was taken on 2/4/14 with an Apple iPod Touch but does not contain geolocation data.

m. On or about 2/4/14 at 4:14 PM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Video". The body of the email message was blank except for "Sent from my iPod". The email message had a file attached titled "IMG_2815.MOV". This video is 51 seconds long and shows a female whose face is not shown touching her vagina with her left hand. The metadata for this video indicates it was taken on 2/4/14 with an Apple iPod Touch but does not contain geolocation data.

n.  On or about 2/4/14 at 5:04 PM, xxxxx1@AOL.COM sent an email message to MV@yahoo.com titled "Because you love it".  The body of the email message was blank except for "Arturo [phone number]" and the email message had three files attached titled "photo 1.JPG", "photo 2.JPG", and "photo 3.JPG".  These photographs show a penis being held by a right hand and two of the photographs show the penis ejaculating.  The metadata for these photographs indicates they were taken on 2/2/14 with an Apple iPhone 5 in the vicinity of Lake Avenue in Wilmette, IL.

o.  On or about 2/5/14 at 12:55 PM, xxxxx1@AOL.COM forwarded an email message to [redacted]@gmail.com titled "Fwd: Video no es pa compartir".[4]  The body of the email message contained "Ni pa ke rajes que te lo mande yo" and "Sent from my iPod".  This email message had a file attached titled "IMG_2751.MOV".  This video is 51 seconds long and shows a female whose face is not shown touching her breasts with her left hand.  The metadata for this video indicates it was taken on 2/3/14 with an Apple iPod Touch but does not contain geolocation data.

p.  On or about 2/6/14 at 10:48 PM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "For later :) lol".  The body of the email message was blank except for "Sent from my iPod".  The email message had two files attached titled "IMG_2842.MOV" and "image.jpeg".  IMG_2842.MOV is 46 seconds long and shows a female whose face is not shown touching her vagina with her left hand.  The metadata for this video indicates it was taken on 2/6/14 with an Apple iPod Touch but does not contain geolocation data.  Image.jpeg is a photograph of buttocks and metadata for this video indicates it was taken on 2/6/14 with an Apple iPod Touch but does not contain geolocation data.

q.  On or about 2/7/14 at 2:55 AM, xxxxx1@AOL.COM replied to an email message originally sent by MV@yahoo.com on 2/6/14 at 9:48 PM titled "Re: For later :) lol".  The body of the email message contained "I loooooove the three finger action. And I loooooove your hot asssss thank you Arturo [phone number]".

r.  On or about 2/17/14 at 10:30 PM, xxxxx1@AOL.COM sent an email message to MV@yahoo.com titled "letter".  The body of the email message contained a letter, stating in part, "My Dear [MV], …I don't know exactly at what moment I fell in love with you. But I do know it was one or two days before I said I could feel love for you. And now, as I type this, my heart races again, as it has so many times since we first started talking, my lovely [MV] Even at 15 it is the same. Shocking or not. nothing changed. More fear yes, More concern yes. Lots more confusion for a few days, yes. What I do know is that it is very real, and only time has proven to me how real it is. Because I wanted to wait and see how I reacted to this little adventure, that I thought it was, and now no more. This is not an adventure. This is a clear strong pursuit of my life at this point. Although extremely risky and unusual, which makes it adventurous; it is very real and purposeful. …  I think of our first meeting when I get to finally kiss your beautiful lips, close my eyes and just feel your

---

[4]  Translation: "Video is not for sharing."

passion on my mouth. I want to live that so much. Be your first kiss and your first so many things. … I have expressed to you already all the physical things I want us to experience together. I don't need to repeat them I say them to you over and over. We will make love many times. You will feel my penis go inside you and it will hurt and you will learn to enjoy it a few minutes after. You will want to make love to me over and over. For Many days and years more I hope. I want to teach you all I know and I want you to experience all there is to experience about sex with me. With deep passion and love,Yours always, Your wonderful Arturo".

s. On or about 3/3/14 at 9:25 PM, MV@yahoo.com sent an email message to xxxxx1@AOL.COM titled "Map". The body of the email message was blank except for "Sent from my iPhone". The email message had a file attached titled "photo.PNG". Photo.PNG is a screenshot of a map showing a driving route in Clinton, CT on XXXXX Road and does not contain metadata showing the camera make/model or geolocation data.

t. On or about 11/20/15 at 7:47 AM, xxxxx1@AOL.COM replied to an email message sent by MV@yahoo.com titled "Re: Hi". The body of the email message contained "Oh my God! Wow. How are you !!?? Amazing. What did she say? Are you ok? You did the right thing. I was sure it was something like that. You have to delete emails. Who did she think the pictures were for? Sent from my iPhone".

u. On or about 11/20/15 at 2:36 PM, xxxxx1@AOL.COM replied to an email message sent by MV@yahoo.com titled "Re: Hi". The body of the email message contained "I was freaked out for a bit. Is it safe to email back and forth? Can you delete all the time ? Change your password ? Sent from my iPhone".

v. On or about 11/20/15 at 3:25 PM, xxxxx1@AOL.COM replied to an email message sent by MV@yahoo.com titled "Re: Hi". The body of the email message contained "Safe w protection Sent from my iPhone".

Law enforcement compared a photograph of Castro recovered from an email sent to Castro by MV on or about February 13, 2014, to the January 2016 arrest photograph of Castro, as well as to the photograph of Castro that appears on the Website for UNAM, and determined that all three photographs depict the same person. The body of the February 13, 2014, email message by MV contained, "This is the gorgeous face that I fell asleep staring at last night. I love you so much Arturo."

D.   Records Confirmed that CASTRO Flew to Boston and Drove the Approximate Distance to MV's House in a Rental Car in March 2014

On or about July 15, 2016, Southwest Airlines provided law enforcement with records associated with Arturo Castro.  These records included a trip labeled with Passenger Name Record (PNR) ZV4C18 and ETicket Number 5262193254032 for Arturo Castro beginning on March 10, 2014, from Chicago Midway International Airport in Chicago, IL to Logan International Airport in Boston, MA, via flight number 1101, and returning on March 11, 2014 from Logan International Airport in Boston, MA to Chicago Midway International Airport in Chicago, IL, via flight number 258.   This trip was booked on February 19, 2014, and the itinerary was emailed to xxxxx2@gmail.com.[5]  The total cost of the trip was $180, which was paid using $31 of a Residual Travel credit and $149 using credit card ending in 5559. Castro provided a billing address that corresponds to his residential address and also provided the telephone number registered to him.

On or about August 11, 2016, Enterprise Holdings provided law enforcement with records associated with Arturo Castro.  These records include a vehicle rental at Enterprise Rent-A-Car assigned Rental Agreement Number 141777643 for Arturo Castro, DOB: [*redacted*], Illinois Driver's License number C23601664210, [*redacted*], Waukegan, IL, and telephone number [phone number].  This rental began on March 10, 2014 at 9:17 AM from Boston, MA and ended on March 11, 2014 at 4:47 AM with a total of 290 miles driven.

Law enforcement conducted an internet search using Google Maps for the distance from Boston, MA to Clinton, CT.  The search revealed that a one way trip via I-95 is approximately 131 miles.  Therefore, a roundtrip between Boston, MA and Clinton, CT via I-95 is approximately 262 miles.

---

[5]  Throughout this motion the name of the defendant's gmail account will be referred to as xxxxx2@gmail.com.

E.       A July 2016 Search Warrant on CASTRO's Other Email Address Revealed
         Images of MV Sent from CASTRO That Geolocated to Approximately MV's
         Residence

On or about July 21, 2016, United States Magistrate Judge Joan G. Margolis of the District

of Connecticut authorized a search warrant to search the email account xxxxx2@gmail.com for

violations pertaining to the possession, distribution, receipt and production of child pornography,

the online enticement of minors, and the traveling in interstate and foreign commerce to engage in

sexual activity with minors, in violation of 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2423.

A review of the email messages in email account xxxxx2@gmail.com revealed multiple

email messages between Castro[6] and MV including, but not limited to, the following:

a. On or about 3/10/14 at 9:22 PM, xxxxx2@gmail.com sent an email message to
   MV@yahoo.com titled "Hoy". The body of the email message was blank except
   for "Arturo [phone number]" and the email message had four files attached titled
   "photo 1.JPG", "photo 2.JPG", "photo 3.JPG", and "photo 4.JPG". Photo 1.JPG
   shows MV sitting on a bed wearing only underwear pulling her right knee in front
   of her chest. Photo 2.JPG shows MV lying on a bed wearing only underwear and
   showing her breasts. Photo 3.JPG and Photo 4.JPG show CASTRO and MV from
   the shoulders up.

b. On or about 3/10/14 at 9:23 PM, xxxxx2@gmail.com sent an email message to
   MV@yahoo.com titled "One". The body of the email message was blank except
   for "Arturo [phone number]" and the email message had one file attached titled
   "photo.JPG". Photo.JPG shows CASTRO posing with MV whose left breast is
   visible.

A review of the five images containing MV in the email messages sent on or about March

10, 2014, revealed each image contained Exchangeable Image File ("EXIF") data. EXIF data is

data that is captured when the image is created and embedded in the image. The EXIF data for

each of the images revealed that the photos were taken on March 10, 2014, using an Apple iPhone

---

[6] Law enforcement identified Arturo Castro as the user of the email address xxxxx2@gmail.com based
on information provided by MV and signature lines in the emails, which read "Arturo [phone number]."
According to AT&T records, the telephone number used by Castro is registered to Arturo Castro at his
residential address.

5. The EXIF data also contained the GPS latitude and longitude coordinates of the location where the photos were taken. The latitude and longitude coordinates embedded in all five images showing MV resolved to a street in Clinton, Connecticut, the same street where MV resides in Clinton, Connecticut.

Email records obtained from AOL Inc., indicate that Castro produced sexually explicit images and videos of himself while communicating with MV in 2014 from his residential address. For example, on or about 1/26/14 at 1:35 AM, xxxxx1@AOL.COM sent an email message to MV with no subject. The body of the email message was blank except for "Arturo [phone number]" and the email message had a file attached titled "IMG_2184.MOV". This video is 33 seconds long and shows a male masturbating with his left hand. During the video, a male voice asks "[MV], do you want to touch my dick like this?" The metadata for this video indicates that it was taken on or about 1/26/14 with an Apple iPhone 5 in the vicinity the defendant's residence. Also, on or about February 4, 2014 at 5:04 PM, xxxxx1@AOL.COM sent an email message to MV titled "Because you love it". The body of the email message was blank except for "Arturo [phone number]", and the email message had three files attached entitled "photo 1.JPG", "photo 2.JPG", and "photo 3.JPG". These photographs depict a penis being held by the right hand of an adult male, and two of the photographs show the penis ejaculating. The metadata for these photographs indicated they were taken on 2/2/14 with an Apple iPhone 5 in the vicinity the defendant's residence. Castro last sent an email message from this AOL email account on or about June 29, 2016, and the email account contained the older messages exchanged with MV.

F.    Records of Castro's Financial Transactions

On or about September 13, 2016, JP Morgan Chase Bank provided law enforcement with records for bank accounts associated with Castro, including account number ending in 0357, which is a Chase Premier Plus Checking account. The account was opened on June 7, 2011 and is

registered to Arturo R. Castro. The address on file at the time of the account opening was [redacted], Waukegan, IL 60085-4015, but was later changed to Castro's current residential address, which is listed on statements produced from December 2013 onward. JP Morgan Chase Bank also provided a copy of the Signature Card for account number ending in 0357, showing that Illinois Driver's License number C23601664210 (registered to Castro) was used for identification. Transactions for JP Morgan Chase Bank account number ending in 0357 include the following, all of which used a card ending in 2474:

    c. Transaction posted 3/11/14 for a purchase on 3/10/14 at McDonald's F25937 in Framingham, MA in the amount of $7.25;

    d. Transaction posted 3/11/14 for a purchase on 3/10/14 at Shell Oil 57544187602 in Charlestown, MA in the amount of $8.69;

    e. Transaction posted 3/11/14 for a purchase on 3/10/14 at LAZ Parking 550565 in Boston, MA in the amount of $13.00;

    f. Transaction posted 3/12/14 for a purchase on 3/11/14 at Enterprise Rent-A-Car in East Boston, MA in the amount of $134.93;

    g. Transaction posted 3/12/14 for a purchase on 3/11/14 at Stanza Dei Sigari in Boston, MA in the amount of $31.75;

    h. Transaction posted 3/12/14 for a purchase on 3/11/14 at Midway Parking in Chicago, IL in the amount of $42.00;

    i. Transaction posted 3/12/14 for a purchase on 3/11/14 at Burrito Elito in Boston, MA in the amount of $10.14;

    j. Transaction posted 3/13/14 for a purchase on 3/11/14 at Taxi Cab Service in Long Island City, NY in the amount of $7.25; and

    k. Transaction posted 3/24/14 for a purchase on 3/21/14 at Enterprise Car Tolls in the amount of $7.20.

On or about November 14, 2016, JP Morgan Chase Bank provided law enforcement with records for credit card account number ending in 5559. JP Morgan Chase Bank advised account number ending in 0035 is a Chase Business Classic Checking account with ATM/Debit Card

ending in 5559. The account was opened on May 15, 1995, and is registered to SPANISH SYSTEMS, INC., with authorized signer Arturo Castro. The address which is listed on the account statements from November 2013 onward is Castro's current residential address. Transactions for JP Morgan Chase Bank account number ending in 0035 include the following, all of which used the card ending in 5559:

l. Transaction posted 2/5/14 for a purchase on 2/3/14 at "Southwes 526218892 800-435-9792" in the amount of $1,203.00;

m. Transaction posted 2/21/14 for a purchase on 2/19/14 at "Southwes 526219325 800-435-9792" in the amount of $149.00;

n. Transaction posted 3/10/14 for an ATM withdrawal at a non-Chase ATM on 3/10/14 at 14 East Main Street, Clinton, CT in the amount of $63.00. Internet searches reveal CVS is located at 14 East Main Street, Clinton, CT;

o. Transaction posted 3/11/14 for a purchase on 3/11/14 at Swa Inflight Wifi in the amount of $8.00;

p. Transaction posted 3/12/14 for a purchase on 3/10/14 at Coffee Break in Clinton, CT in the amount of $14.20. Internet searches reveal Coffee Break is located at 27 East Main Street, Clinton, CT; and

q. Transaction posted 3/13/14 for a purchase on 3/11/14 at "Residence Inns Tudor Wh" in Boston, MA in the amount of $159.08. Internet searches reveal Residence Inn Tudor Wharf is located at 34-44 Charles River Avenue, Boston, MA.

G.     Admissions Post-Arrest

In *Mirandized* post-arrest statements, the defendant admitted that the email account xxxxx1@aol.com is his email account and that he used that account to communicate with MV. The defendant further admitted that he traveled to Connecticut and that he had sexual contact with MV. Moreover, the defendant admitted being aware of the fact that MV was younger than 18 years old. The defendant further admitted having met MV playing chess with an App. He also admitted talking with MV mainly using email, but also with a phone App, Skype, and iMessage. According to the defendant, he used the same telephone number he used to sign his

email messages, which is registered to him at his residential address.

## IV. The Legal Framework for Determining an Appropriate Sentence

Title 18, <u>United States Code</u>, Section 3553(a) directs a sentencing court to consider, in determining the sentence to be imposed, both the nature and circumstances of the offense and the history and characteristics of the defendant. The sentencing court must also consider the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In reaching its sentencing decision, this Court should also construct its analysis within the framework of the advisory United States Sentencing Guidelines (the "Sentencing Guidelines" or "Guidelines"). Congress has established the Sentencing Guidelines as the foundation, or the starting point, from which sentencing courts should construct the appropriate sentence in each case using the Section 3553(a) factors noted above. *United States v. Booker*, 543 U.S. 220 (2005); *United States v. Cutler*, 520 F.3d 136, 155 (2d Cir. 2008); *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). The sentence imposed must be "sufficient, but not greater than necessary, to comply with" the factors listed above. *Kimbrough v. United States*, 552 U.S. 85, 102 (2007) (*quoting* 18 U.S.C. § 3553(a)).

### A. The Nature and Circumstances of the Offense

The nature and circumstances of the charged conduct against the defendant in this case are serious. The defendant, through the use of electronic devices, enticed a 15-year-old minor victim to take sexually explicit images of herself, including videos of MV masturbating, many of which constitute child pornography, and caused her to transmit those images electronically to

him in Illinois.  During the online communications, the defendant instructed MV on what to do and how to pose.  For example, in an email communication sent by the defendant on January 30, 2014, he instructed MV: "When you pose for the new pic do one with legs wide open too please …"  The defendant also took sexually explicit images of himself engaged in sexual conduct and transmitted those images to MV.  For example, on February 1, 2014, the defendant sent MV an email containing a 49 second video of himself, masturbating, stating: "You like that, [MV]?" and "This is your cock, [MV]. You're going to suck it and you're going to fuck it, hard."

Throughout the online communications, the defendant talked to MV in a sexually explicit manner, telling her that he wanted to have oral and vaginal sex with the minor.  On a letter dated February 7, 2014, the defendant makes clear that he is aware that MV is 15 and a virgin.  He writes: "We will make love many times. You will feel my penis go inside you and it will hurt and you will learn to enjoy it a few minutes after. You will want to make love to me over and over."  In clear disregard of the physical pain that intercourse would cause 15-year-old MV, Castro continued to entice MV to meet him and have sexual intercourse with him.  And in March of 2014, Castro traveled to Connecticut, from Illinois, to MV's residence, where he in fact had sexual intercourse with MV.

The significant penalties designated by Congress in relation to child exploitation offenses reflect the fact that these are crimes of violence that are apprehensible in nature.  In addition to the physical harm these offenses cause, they often also cause great emotional harm to victim, which can last a lifetime.

B.  The History and Characteristics of the Defendant

The defendant is 53 years old and a legal permanent resident of Wilmette, Illinois.  He has no known criminal history, other than the criminal conduct charged in this case.  He has completed high school, college and post-graduations studies.  At the time of his arrest he was employed by the Universidad Nacional Autonoma de Mexico, Illinois location, as the Cultural, Business Development and Special Projects Coordinator.   The defendant has two children: a 21-year-old girl and a 16-year-old girl.

C.  The Sentence to be Imposed

The Court must determine the applicable Guidelines range before imposing sentencing.  In this case, the Government agrees that the Guidelines range calculated in the PSR, pursuant to U.S.S.G. §2G2.1, which is 168 to 210 months of imprisonment, is correct.

The parties agree that the defendant's offense level for a violation of 18 U.S.C. § 2422(b) is governed by U.S.S.G. § 2G1.3.  However, the defendant's offense conduct involved "employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;" and therefore, the Guidelines direct the court to cross-reference to U.S.S.G. § 2G2.1, if the resulting offense level is greater than the offense level under U.S.S.G. § 2G1.3.  *See* U.S.S.G. § 2G1.3(c)(1); *see also* Commentary to U.S.S.G. § 2G1.3, Application Note 5.  Here, as the U.S. Probation Office determined, the defendant's conduct indeed involved persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing photographs and videos, and the resulting offense level is greater under 2G1.2; therefore, this is the correct applicable guideline.

The defendant does not contest that "at least some of" the videos and images sent to the defendant by the MV meet the definition of child pornography. Rather, he argues that he did not specifically request that the MV produce the images and videos she sent him; and therefore, the Court should not cross-reference to § 2G1.2. Def. Sent. Mem. p. 7.

The defendant ignores the evidence. The defendant's communications with MV clearly show that he was directing the MV to send him sexually explicit images of herself, and further directing her on what to do on the images that she was sending him.

For example, on January 20, 2014, at 12:18 AM, xxxxx@yahoo.com sent an email message to XXXX1@aol.com titled "Pic". The body of the email message was blank except for "Sent from my iPod". The email message had a file attached titled "photo.JPG". This photograph shows blue underwear pulled down by a left hand to expose pubic hair. Eight minutes later, on the same day, the defendant replied. The body of the email message contained "The king has gotten his wish. Yes. You honor me. And I cherish it. Arturo 847-772-6474". The fact that the defendant had requested MV to send him sexually explicit images of herself is evident from the sequence of the communications. This constitutes inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing an image.

On January 24, 2014, at 2:21 AM, the defendant again writes to MV using XXXX1@AOL.COM replying to an email message originally sent by xxxxx@yahoo.com on January 23, 2014 at 4:12 PM titled "Re: Voice". The body of the email message contained "Hola It may be one in the morning. It may be minus 4 outside. I may be tipsy and tired. But I can still think about you and feel your presence around me in a very real way. And also so very special. I think about you all the time Angela. I want to feel close to you tonight and that's why I am here. Writing you. I just saw all your pictures. We have evolved. We have grown. I am living

the effects of you everyday. I need to be careful too. I hope you are sleeping well. I hope you read this 5 hours from now. In Chicago I miss you and I love you and I love all this that's happening. Kisses precious. Arturo 847 772 6474". Through his communications, the defendant continued to coerce and manipulate the MV into continuing to send him sexually explicit images of herself.

On January 30, 2014, at 8:28 AM, the defendant again communicated with the MV using xxxxx1@AOL.COM. He replied to an email message originally sent by MV@yahoo.com on January 29, 2014 at 10:35 PM titled "Re: Pic". The body of the email message contained "When you pose for the new pic do one with legs wide open too please. ☺. I love your body [MV]. Arturo [phone number]". Again, the defendant has clearly requested images from the MV and is directing her on how to pose for those images.

On February 2, 2014, at 11:32 PM, the defendant, using email address xxxxx1@AOL.COM replied to an email message originally sent by MV@yahoo.com on February 2, 2014 at 10:22 PM titled "Re: Video p2". The body of the email message contained "You are touching them just the way I wanted you to touch them. Wow Arturo [phone number]." The defendant's words again clearly indicate that he had previously directed the MV on what to do on video.

The defendant further ignores the testimony of MV who indicated that she began to send pictures and videos of herself to the defendant, at his request. Specifically, MV stated that after informing Castro of her true age, Castro continued to ask her for pictures and videos. She also stated Castro asked her to do things in the videos she would send him. For instance, he would ask her to take her shirt and pants off, and he would ask her to masturbate. The fact that the defendant

requested the pictures and videos sent to him by MV is further evidenced by the fact that at the time of his arrest, he was still in possession of these images.

In his argument, the defendant relies merely on the sequence of a number of email communications between the defendant and the MV. However, as the defendant himself admitted in his *Mirandized* post-arrest statements, he and the MV communicated over Skype, with a phone App and I message; therefore, the email communications between the defendant and MV did not capture the universe of their communications. Even so, the email communications between MV and the defendant, as well as the other evidence in this case show that the defendant indeed induced, enticed and coerced the MV to produce images of child pornography.

The sentence to be imposed by the Court must reflect the seriousness of the offense and the need to promote respect for the law. In addition, the sentence must also afford adequate deterrence to criminal conduct. The defendant committed an apprehensible crime against one of the most vulnerable members of our society – a 15-year-old girl. He preyed upon her low self-esteem and coerced her into engaging in sexual conduct all for his own sexual gratification. It can hardly be said that § 2G1.2 overstates the seriousness of this offense as the defendant argues.

Nonetheless, the Government acknowledges that it found no evidence that the defendant distributed the images and videos that he received from the MV. Nor did the Government find any evidence that the defendant possessed additional images of child pornography. Moreover, the defendant has no known prior criminal history and faces deportation upon release from prison. Therefore, the Government understands that the non-guideline sentence requested by the defendant is appropriate in this case. For the reasons set forth above, the Government understands that a sentence of 120 months imprisonment would achieve the goals of sentencing

in this case. Such a sentence would also afford adequate deterrence to criminal conduct and help

protect the public from further criminal conduct by the defendant.

## V.     Restitution

As set forth in the plea agreement, the Court must order that the defendant make

restitution under 18 U.S.C. § 2259, and the Government reserved its right to seek restitution on

behalf of victim. However, the victim in this case has waived her right to restitution.

WEREFORE the United States respectfully requests that the Honorable Court take notice

of the foregoing, and sentence the defendant Arturo Castro as requested herein.

Respectfully submitted in Bridgeport, Connecticut this 24th day of August, 2017.

DEIRDRE DALY
UNITED STATES ATTORNEY

*s/ Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
Assistant U.S. Attorney
Federal Bar No. phv04471
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604
Tel. (203) 696-3000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date the foregoing motion was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

s/*Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
Assistant U.S. Attorney